Miguel Angel **TAMAYO–MENCHACA**; Lilia Carmen Navarro–Tamayo, Petitioners,

v.

Eric H. **HOLDER, Jr., Attorney**

cation and is not precedent except as provid-

General,* Respondent.

No. 05–72596.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 2008.

Filed May 21, 2009.

Ashwani K. Bhakhri, Esquire, Joseph J. Siguenza, Esquire, Burlingame, CA, for Petitioners.

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, OIL, Jane Tracey Schaffner, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: THOMAS and PAEZ, Circuit Judges, and WALKER **, Chief District Judge.

MEMORANDUM ***

Miguel Angel Tamayo–Menchaca and Lilia Carmen Navarro–Tamayo, natives and citizens of Mexico, challenge the respective orders of removal entered against them by the Board of Immigration Ap-

ed by 9th Cir. R. 36–3.

* Eric H. Holder, Jr., is substituted for his predecessor, Michael B. Mukasey, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The Honorable Vaughn R. Walker, Chief District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

peals ("BIA"). The BIA affirmed without opinion the decision of the Immigration Judge ("IJ") denying Petitioners' applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252.[1] We review the IJ's findings for substantial evidence, *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir.2001), and review de novo questions of law and due process claims, *see, e.g., Altamirano v. Gonzales*, 427 F.3d 586, 591 (9th Cir.2005); *Reyes–Melendez v. INS*, 342 F.3d 1001, 1006 (9th Cir.2003). For the reasons discussed below, we grant in part Tamayo–Menchaca's petition and deny Navarro–Tamayo's petition.

I

◼ The IJ erred as a matter of law in ruling that Tamayo–Menchaca's false testimony statutorily precluded him from showing good moral character, without finding he had the subjective intent to deceive for the purpose of obtaining immigration benefits. Under 8 U.S.C. § 1101(f)(6), "[n]o person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was .... one who has given false testimony for the purpose of obtaining any benefits under this chapter." Although it is undisputed that Tamayo–Menchaca testified falsely about his prior arrest and use of an alias, false testimony by itself—even false testimony that may have a bearing on the outcome of the proceedings—is insufficient to trigger the § 1101(f)(6) bar. "[Section] 1106(f)(6) applies to only those misrepresentations made with the subjective intent of obtaining immigration benefits." *Kungys v. United States*, 485 U.S. 759, 780, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988); *see also Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001) ("For a witness's false testimony to preclude a finding of good moral character [under 8 U.S.C. § 1101(f)(6) ], ... the witness must have had a subjective intent to deceive for the purpose of obtaining immigration benefits.") (citing *Kungys*, 485 U.S. at 780, 108 S.Ct. 1537).

Rather than considering Tamayo–Menchaca's motive for testifying falsely, the IJ applied the § 1101(f)(6) bar on the erroneous ground that Tamayo–Menchaca's statements were material, noting that his "responses ... would have cut off a line of inquiry relevant to these proceedings." Furthermore, the IJ stated that "the fact that he was afraid or embarrassed ... does not ... excuse false testimony under oath." However, willful misrepresentations made for reasons other than an intent to obtain immigration benefits, including " 'embarrassment, fear, or a desire for privacy,' " do not fall under the § 1101(f)(6) bar. *Kungys*, 485 U.S. at 780, 108 S.Ct. 1537 (citation omitted).

Accordingly, we remand to the agency to assess in the first instance whether, under the correct application of § 1101(f)(6), Tamayo–Menchaca is precluded from establishing the requisite good moral character.[2]

---

1. We reject Tamayo–Menchaca's argument that we must remand for clarification of whether the IJ's "good moral character" ruling was based on discretionary or statutory grounds, for purposes of determining our jurisdiction. The IJ specifically stated that Tamayo–Menchaca was statutorily ineligible for cancellation of removal, and we have jurisdiction to review non-discretionary factual determinations by the agency. *See, e.g., Lopez–*

*Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir.2004).

2. The IJ also found Tamayo–Menchaca statutorily ineligible for cancellation of removal because "he has been convicted of an offense under [8 U.S.C. § 1227(a)(2)] or [8 U.S.C. § 1182(a)(2)], that is alien smuggling." However, the government does not defend this basis for the IJ's decision and concedes that the IJ's determination was "not clearly

## II

▮ Substantial evidence supports the IJ's finding that Navarro–Tamayo had not established continuous physical presence in the United States for the requisite ten-year period under 8 U.S.C. § 1229b(b)(1)(A). Navarro–Tamayo's testimony, amended application, and proffered affidavits contained numerous significant inconsistencies regarding when she entered the United States and where she resided during the applicable period. For example, Navarro–Tamayo testified that she lived with her aunt and uncle in San Jose from her arrival in this country in 1985 until her marriage to Tamayo–Menchaca in 1989. However, she could remember neither the address nor the street of this residence. Nor could she remember the date or month she entered the United States, stating that she believed she arrived in the summer, while her amended application stated that she entered the country in December. In addition, her amended application was inconsistent with an affidavit submitted by a friend who stated that Navarro–Tamayo had resided at a particular address in Oakland from 1987 until 1997.[3] Navarro–Tamayo was unable to explain these inconsistencies when questioned about them at the hearing. Thus, we conclude that the IJ's decision is supported by substantial evidence.

## III

Tamayo–Menchaca's petition is **GRANTED** in part and **REMANDED** to the agency for proceedings consistent with this disposition; Navarro–Tamayo's petition is **DENIED.**

---

correct." We agree with Tamayo–Menchaca that the IJ erred. The record of conviction introduced at the hearing shows that the charge against Tamayo–Menchaca under 8 U.S.C. § 1324, commonly known as alien smuggling, was dismissed.

3. Even assuming it was improper for the IJ to rely on the affidavit when the friend could not be reached by telephone, in light of the numerous other inconsistencies in her account, Navarro–Tamayo has not shown prejudice as is required to make out a due process violation. *See, e.g., Reyes–Melendez*, 342 F.3d at 1006 (stating that petition will be granted on due process grounds if immigration proceeding was " 'so fundamentally unfair that the alien was prevented from reasonably presenting his case' " and the alien demonstrated "that the outcome of the proceeding may have been affected by the alleged violation" (citation omitted)).